**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | |
|---|---|
| **Howard Hasan,** ) | **CASE NO. 1:05 CV 2922** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **United States of America,** ) | <u>**Memorandum of Opinion and Order**</u> |
| ) | |
| **Respondent.** ) | |


This matter is before the Court upon petitioner's Motion to Correct and Set Aside

Sentence Under 28 U.S.C. § 2255 (Doc. 1).   For the following reasons, the motion is denied.

<u>**Facts**</u>

Petitioner, Howard Hasan[1], was named in a two-count indictment charging him with two

counts of possession with intent to distribute cocaine and cocaine base (crack).  On October 12,

---

[1]      Petitioner, who filed the pending motion *pro se*, entitles this action and refers to
himself as "Howard Hasan."  Respondent, however, captions the case and refers
to petitioner as "Hasan Howard."  The underlying criminal action states that the
defendant is "Hasan Howard."  To further complicate the matter, petitioner filed a
separate action for return of property where he refers to himself as "Hassan
Howard."

1

2004, petitioner entered pleas of guilty to Count One and Two.  The Plea Agreement further provided that petitioner agreed to forfeit $24,432.00 in U.S. currency which had been seized as well as a 1997 Mercury Montaineer.  Plaintiff also agreed that a 2001 GMC Yukon Denali was subject to forfeiture.  On March 7, 2005, petitioner was sentenced to 67 months imprisonment on both counts, to run concurrent to each other, followed by four years of supervised release. Petitioner did not file a direct appeal of his sentence.

This matter is before the Court upon petitioner's Motion to Correct and Set Aside Sentence Under 28 U.S.C. § 2255.

**Standard of Review**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *See Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

**Discussion**

Petitioner asserts one issue in his motion.  Petitioner contends that he suffered ineffective assistance of counsel when his counsel failed to "make sure that the downward departure provision in the plea agreement was followed [which] resulted in the sentence defendant

2

received to be 67 months."  (Doc. 1 at 2)

"Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984), a defendant must satisfy a two-prong test to prove the existence of ineffective assistance

of counsel: 1) the defendant must demonstrate that counsel's performance was deficient; and 2)

the defendant must demonstrate that his counsel's performance prejudiced his cause."  *U.S. v.*

*Beasley*, 73 Fed.Appx. 119 (6th Cir. 2003).

Respondent asserts that petitioner received exactly the sentence contemplated by the Plea

Agreement.  This Court agrees.  The Plea Agreement states that in exchange for petitioner's

"substantial assistance to the government," the latter would move the Court to reduce the

adjusted offense level by three levels and, "therefore, the parties agree that the offense level will

be reduced six (6) levels, three of which reflect the defendant's acceptance of responsibility and

three of which reflect the defendant's substantial assistance to the government, resulting in a

total adjusted offense level of 26."  (Plea Agreement ¶ 11) This Court sentenced petitioner to 67

months, finding the total offense level to be 26.

Additionally, subsequent to the execution of the Plea Agreement, petitioner's counsel

moved for a departure beyond the three levels recommended by the government for substantial

assistance, thereby requesting a departure down to 60 months incarceration.  (1:04 CR 322 Doc.

32).  The Court, however, followed the terms of the Plea Agreement.

Respondent further points out that petitioner's counsel was successful at arguing that a

criminal history point was impermissibly charged to petitioner which resulted in a reduction of

petitioner's potential sentencing range.

For these reasons, the Court agrees with respondent that petitioner's claim of ineffective

assistance of counsel fails on the merits. [2]

Respondent asserts that petitioner alleges a second ground for relief in his Motion to Correct and Set Aside Sentence Under 28 U.S.C. § 2255 requesting return of certain properties (the 2001 Yukon Denali) unlawfully seized. Petitioner, however, did not allege this as a ground for relief herein.  Rather, petitioner filed a separate Motion for Return of Property on December 22, 2005 (Case No. 1:05 MC 97).  Petitioner moved therein for return of his 2001 Yukon Denali, arguing that the vehicle had been unlawfully seized and was not ordered forfeited pursuant to his Plea Agreement.  The motion was unopposed and granted.  The government has now filed a Motion to Reconsider that order which will be addressed separately in that case.

For these reasons, petitioner's motion is denied.  Furthermore, as discussed below, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue

---

[2]     Respondent also argues that petitioner waived his right to assert this claim because the Plea Agreement contains a waiver of collateral attack rights. However, the Plea Agreement further states, "Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct."  Therefore, the claim may be raised here.

or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/14/06

5